J-S80034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| XAVIER JASON PAGAN | |
| Appellant | No. 505 MDA 2016 |

Appeal from the PCRA Order March 17, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-0004619-2012

BEFORE: LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED DECEMBER 19, 2016**

Appellant, Xavier Jason Pagan, appeals from the March 17, 2016 order, denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On January 28, 2013, Appellant pleaded guilty to two counts each of aggravated assault and criminal conspiracy to commit aggravated assault, and one count each of simple assault, criminal conspiracy to commit criminal homicide, criminal conspiracy to commit simple assault, and intimidation of a witness.[1] Appellant was sentenced to an aggregate term of thirteen to forty years of incarceration. He did not pursue a direct appeal.

_____

[1] 18 Pa.C.S. § 2702, 903, 2701 and 4952, respectively.

On March 9, 2015, following timely PCRA proceedings and appeal therefrom, this Court vacated the PCRA court's order and remanded for a *Grazier*[2] hearing and any necessary subsequent PCRA proceedings. **See Commonwealth v. Pagan**, 120 A.3d 1050 (Pa. Super. 2015) (unpublished memorandum).

On July 21, 2015, following a **Grazier** hearing, Appellant was permitted to proceed *pro se*. On December 18, 2015, he filed a motion to correct illegal sentence, which the PCRA court treated as an amendment of Appellant's August 29, 2013 motion seeking post conviction relief. On March 17, 2016, the court formally dismissed Appellant's petition. Appellant timely appealed.

In its memorandum opinion filed pursuant to Pa.R.A.P. 1925(b), the court stated:

> On March 17, 2016, we dismissed Appellant's PCRA motion. On March 23, [2016], Appellant filed an appeal to the Superior Court. On April 11, 2016, we ordered Appellant to file a concise statement of the errors complained of on appeal. As of this date, Appellant has failed to comply with this order . . . No request for an extension has been made within the twenty one day deadline in our April 1, 2016 order.

Trial Court Opinion, 5/17/16, at 1-2. Thus, based upon Appellant's failure to file a Rule 1925(b) statement, the trial court concluded that Appellant had waived all issues, citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived.").  As a result, the trial court suggests that we dismiss Appellant's appeal.  The record reflects that the trial court issued an order requiring Appellant to submit a Rule 1925(b) statement and that Appellant failed to respond.

Where a trial court orders an Appellant to file a Pa.R.A.P. 1925(b) statement, the Appellant must comply in a timely manner.  ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).  Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal.  ***Id.***; ***see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014).  Due to Appellant's failure to submit a Rule 1925(b) statement, we conclude that any issues he wished to raise have been waived.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2016